1  Jeffrey J. Zuber (SBN 220,830)
   jzuber@ztllp.com
2  ZUBER & TAILLIEU LLP
   10866 Wilshire Blvd., Ste. 300
3  Los Angeles, CA 90024
   Telephone: (310) 807-9700
4  Facsimile: (310) 807-9701

5  Attorneys for Plaintiff and Counterdefendant
   ROBERT JR., INC.

6
   Lynda J. Zadra-Symes (SBN 156,511)
7  ljs@kmob.com
   Nicholas D. Atchison (SBN 238,675)
8  nicholas.atchison@kmob.com
   KNOBBE, MARTENS, OLSON & BEAR, LLP
9  2040 Main Street, Fourteenth Floor
   Irvine, CA  92614
10 Phone: (949) 760-0404
   Facsimile: (949) 760-9502

11
   Attorneys for Defendant and Counterclaimant
12 RUN ATHLETICS INTERNATIONAL, LLC

13            IN THE UNITED STATES DISTRICT COURT

14           FOR THE CENTRAL DISTRICT OF CALIFORNIA

15                    WESTERN DIVISION

| | |
|---|---|
| ROBERT JR., INC, a California corporation, | Civil Action No.: 09-CV-01180 R(JCx) |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| v. | |
| RUN ATHLETICS INTERNATIONAL LLC, a New York limited liability company; and DOES 1 through 50, inclusive, | Hon. Manuel L. Real Hon. Jacqueline Chooljian |
| Defendants. | |
| RUN ATHLETICS INTERNATIONAL LLC, a New York limited liability company, | |
| Counterclaimant, | |
| v. | |
| ROBERT JR., INC, a California corporation, | |
| Counterdefendant. | |

1   Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and
2   subject to the approval of this Court, the parties to this action, Robert Jr., Inc.
3   ("Robert"), and Run Athletics International LLC ("Run Athletics"), through
4   their respective counsel of record, hereby stipulate to the following Protective
5   Order to govern the disclosure of confidential materials and testimony that the
6   parties believe will likely be required in the above-captioned action:
7       1.      In connection with the discovery proceedings in this action, the
8   parties may designate any document, thing, material, testimony or other
9   information derived therefrom, as "Confidential" under the terms of this
10  Protective Order ("Order").  Confidential Information shall mean and include
11  any document (whether in hard copy or computer readable form), thing,
12  deposition testimony, interrogatory answers, responses to request for admissions
13  and/or production, or other information provided in discovery in this action,
14  which contains non-public, confidential or proprietary information, whether
15  personal or business related, that constitutes, reflects, or concerns trade secrets,
16  know how or proprietary data, or business, financial, or commercial
17  information, the disclosure of which (a) may have the effect of causing harm to
18  the competitive position of the person, firm, partnership, corporation, or to the
19  organization from which the information was obtained, or (b) would violate an
20  obligation of confidentiality to a third party, including a court.
21      2.      For purposes of this Protective Order, the term "outside counsel"
22  shall mean partners, of counsel, and associates for the law firms that have been
23  retained by the parties for this case and identified by the Court as Counsel of
24  Record for the case, as well as paralegals, assistants, office clerks, support staff
25  and other individuals employed to assist counsel in preparing the prosecution or
26  defense of this case.
27      3.      Confidential documents shall be so designated by stamping copies
28  of the documents produced to a party with the legend "CONFIDENTIAL" on

1   each page of the document, preferably in the lower margin of the document, or

2   as close thereto as feasible. In the event that only selected pages of a bound

3   multiple-page document are stamped with the "CONFIDENTIAL" legend (e.g.,

4   responses to discovery requests), the first page of the bound document shall also

5   be stamped with the "CONFIDENTIAL" legend to prevent accidental disclosure

6   of the Confidential contents of the document.

7        4.    Material designated as Confidential under this Order, the

8   information contained therein, and any summaries, copies, abstracts, or other

9   documents derived in whole or in part from material designated as Confidential

10   ("Confidential Material") shall be used only for the purpose of the prosecution,

11   defense, or settlement of this action, and for no other purpose. The persons

12   receiving Confidential Material are prohibited from disclosing it to any other

13   person except in conformance with this Order.

14        5.    Confidential Material produced pursuant to this Order may be

15   disclosed or made available only to the Court, to outside counsel for a party, and

16   to the "qualified persons" designated as follows:

17        a.    A party, officer, director, in-house counsel, or employee of a party,

18   deemed necessary by outside counsel to aid in the prosecution, defense, or

19   settlement of this action;

20        b.    Independent experts or consultants (together with their clerical

21   staff) retained by such outside counsel to assist in the prosecution, defense, or

22   settlement of this action;

23        c.    Persons who prepared or assisted in the preparation of Confidential

24   Material, or persons to whom such materials were addressed, circulated, or

25   shown (outside the context of this litigation), and deposition witnesses

26   employed by the party claiming confidentiality of the Confidential Material

27   provided that prior to the disclosure, the witness acknowledges in the deposition

28

1  that he/she would otherwise have access to or knowledge of the Confidential

2  Material to be disclosed in the normal course of their duties;

3        d.     Court reporters employed by any party in this action;

4        e.     Judges, law clerks, court reporters, and other clerical personnel of

5  the Court before which this action is pending; and

6        f.     Any other person as to whom the parties agree in writing.

7  Prior to receiving any Confidential Material, each "qualified person" defined in

8  Subparagraphs a, b, and f above shall be provided with a copy of this Order and

9  shall execute a Nondisclosure Agreement in the form of Attachment A.

10        6.     Counsel shall retain all executed versions of Attachment A until the

11  end of the litigation and shall, at that time, provide copies thereof to counsel for

12  the opposing party.  During the course of the litigation, counsel shall undertake

13  not to disclose Confidential Material, if such action would require the disclosee

14  to execute Attachment A, unless they in good faith believe that such disclosure

15  is reasonably necessary to prepare for trial.

16        7.     The parties may further designate certain discovery material or

17  testimony of a highly confidential and/or proprietary nature as

18  "CONFIDENTIAL – ATTORNEYS' EYES ONLY" ("Attorneys' Eyes Only

19  Material") in the manner described in Paragraphs 4-5 above and Paragraph 11

20  below, and the provisions of those paragraphs apply equally to Confidential

21  Material and Attorneys' Eyes Only Material.  Attorneys' Eyes Only Material,

22  and the information contained therein, shall be disclosed only to the Court, to

23  outside counsel for the parties, as well as paralegal assistants, office clerks,

24  secretaries, and support staff that report directly to them, and to the "qualified

25  persons" listed in Subparagraphs 5(b)-(e) above, unless otherwise agreed in

26  writing or ordered by the Court.  If disclosure of Attorneys' Eyes Only Material

27  is made pursuant to this Paragraph, all other provisions in this Order with

28  respect to its confidentiality shall also apply.

8.      Attorneys' Eyes Only Material may be shown to a "qualified person" listed in Paragraph 5(b) only if

a.      the person has not been and is not an employee of a party and is not scheduled to become an employee in the near future; and

b.      a written acknowledgement, in the form of Attachment A hereto, is signed by the designated person.

9.      If a producing party elects to produce documents and things for inspection at its premises rather than producing documents through its counsel, that party need not label the documents and things in advance of that inspection. For purposes of the inspection, all documents within the produced files will be considered as having been preliminarily marked "CONFIDENTIAL – ATTORNEYS' EYES ONLY".   During the inspection at the producing party's premises, the inspecting party shall select specific documents or groups of documents for copying by a professional copy service at the inspecting party's own expense.   After receiving the copies of the selected documents from the copy service, the producing party shall have fifteen (15) calendar days to review and mark the copies as Confidential Material or Attorneys' Eyes Only Material, as appropriate, and thereafter produce those copies to the inspecting party within the above-stated fifteen (15) day period.   All documents selected for production by the inspecting party must be produced by the producing party within the fifteen (15) day review period, or must be otherwise identified on an accompanying privilege log.

10.      Testimony taken at a deposition, conference, or hearing may be designated as Confidential Material or Attorneys' Eyes Only Material by making a statement to that effect on the record at the deposition or other proceeding.   Arrangements shall be made with the court reporter taking and transcribing such proceeding to separately bind such portions of the transcript containing information designated as Confidential Material or Attorneys' Eyes

1    Only Material, and to label such portions appropriately.  Further, the transcript

2    of any deposition shall be considered Attorneys' Eyes Only Material for a

3    period of twenty (20) calendar days after receipt of the transcript by counsel

4    taking the deposition, during which period either party may designate

5    information as confidential by preparing a list of the page and line numbers of

6    the transcript identifying the Confidential Material and/or Attorneys' Eyes Only

7    Material.  The list shall be set forth on one or more separate pieces of paper, the

8    first one of which shall bear the caption of the action and information sufficient

9    to clearly identify the deposition.  Each counsel shall affix the list to the face of

10   the transcript, and shall mail copies of the list to counsel for all parties so that

11   the list shall be affixed to the face of the original and each copy of the transcript.

12   Absent any such designation on the record and absent any such designation

13   during the above stated twenty (20) day period, the undesignated transcripts (or

14   portions thereof) shall be deemed non-confidential following the twenty (20)

15   day period.

16          11.    Nothing herein shall impose any restriction on the use or disclosure

17   by a party of material legally and properly obtained by such party independent

18   of discovery in this action, whether or not such material is also obtained through

19   discovery in this action, or from disclosing its own Confidential Material or

20   Attorneys' Eyes Only Material as it deems appropriate.  Further, nothing herein

21   shall preclude a party from having Confidential Material or Attorneys' Eyes

22   Only Material copied, reproduced, or adapted by an outside professional

23   copying, reproduction, or demonstrative exhibit preparation service, provided

24   that the party using such a service takes all steps reasonably available to protect

25   the confidentiality of such material.

26          12.    If Confidential Material or Attorneys' Eyes Only Material,

27   including any portion of a deposition transcript designated as Confidential

28   Material or Attorneys' Eyes Only Material, is included in any papers to be filed

1   with the Court, such papers shall be filed in accordance with Local Civil Rule

2   79-5.1 and placed in sealed envelopes prominently marked with the caption of

3   this case, the identity of the party filing the envelope and the notation:

CONFIDENTIAL INFORMATION
SUBJECT TO PROTECTIVE ORDER

THIS ENVELOPE IS NOT TO BE OPENED NOR THE CONTENTS
THEREOF DISPLAYED, COPIED OR REVEALED, EXCEPT BY
COURT ORDER OR BY AGREEMENT OF THE PARTIES

Or, if applicable,

CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION
SUBJECT TO PROTECTIVE ORDER

THIS ENVELOPE IS NOT TO BE OPENED NOR THE CONTENTS
THEREOF DISPLAYED, COPIED OR REVEALED, EXCEPT BY
COURT ORDER OR BY AGREEMENT OF THE PARTIES

14      13.     In the event that any Confidential Material or Attorneys Eyes' Only

15   Material is used in any court proceeding in this action, it shall not lose its

16   confidential status through such use, and the party using such material shall take

17   all steps reasonably available to protect its confidentiality during such use.

18   Material designated as Confidential Material or Attorneys' Eyes Only Material

19   shall be maintained with that designation during trial and appeal, unless the

20   parties shall first otherwise agree in writing or the Court rules otherwise.

21      14.     Designation of documents or other specified information as

22   Confidential Material or Attorneys' Eyes Only Material by either party, or

23   receipt of documents or information so designated, shall not be considered as

24   determinative of whether the contents of the documents of the information

25   specified are entitled to be deemed as such.  A party shall not be obligated to

26   challenge the propriety of a designation of information as protected at the time

27   of the designation.  Subject to Paragraph 15 below, this Order shall be without

28   prejudice to the right of the parties (a) to bring before the Court at any time the

1    question of whether any particular document or information is or is not

2    confidential or whether its use should or should not be restricted, or (b) to

3    present a motion to the Court under Rule 26(c) of the Federal Rules of Civil

4    Procedure for a separate protective order as to any particular document or

5    information, including restrictions differing from those as specified herein.

6           15.    If any party to the action disagrees at any stage of the proceedings

7    with a confidentiality designation, the party shall first attempt to resolve any

8    such dispute in good faith on an informal basis:

9           a.     The party challenging the designation shall provide to the

10   producing party written notice of the disagreement, specifically identifying the

11   Confidential Material or Attorneys' Eyes Only material in dispute and

12   articulating the challenging party's basis for its challenge of the confidentiality

13   designation.

14          b.     The producing party shall respond in writing to the challenging

15   party's notice within seven (7) calendar days, articulating the basis for the

16   producing party's designation with sufficient particularity to enable the

17   challenging party to move the Court for permission to disclose the Confidential

18   Material or Attorneys' Eyes Only Material.

19          c.     If the dispute cannot be resolved between the parties without

20   intervention from the Court, the party challenging the confidentiality

21   designation may move the Court requesting appropriate relief.  In any such

22   question brought before the Court, the party asserting the confidentiality

23   designation shall bear the burden of proving that the information should be

24   maintained at the level designated.

25          16.    No information shall be disclosed to a person not authorized to

26   receive it until the parties shall have first so agreed in writing, or the Court shall

27   have so ruled.  This Order shall not be deemed to prejudice the parties in any

28   way in any future application for modification of this Order.

17.     This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process.  Nothing in this Order, nor the production of any information or document under the terms of this Order, nor any proceedings pursuant to this Order, shall be deemed to have the effect of an admission by either party, or of altering the confidentiality or nonconfidentiality of any such document or information, or altering any existing obligation of any party or the absence thereof.

18.     Third parties may invoke all the provisions of this Order which are available to the parties.  This provision does not abridge a third party's right to seek to quash any subpoena served on it, or to seek to protect information sought by a party, either on the third party's own motion or on a motion brought on its behalf by an objecting party.  The party seeking production from a third party who may possess Confidential Material or Attorneys' Eyes Only Material of the other party shall offer to provide a copy of this Order to that third party prior to any production from that witness.  The party seeking production shall also take reasonable steps to inform that third party of its rights under this Order and its ability to designate any material it produces as Confidential Material or Attorneys' Eyes Only Material.  In addition, the party shall treat the Confidential Material or Attorneys' Eyes Only Material of third parties in accordance with the terms of this Order.

19.     This Order shall be without prejudice to the right of the parties to request additional protection under Rule 26(c) of the Federal Rules of Civil Procedure for responses to discovery requests made hereafter by any party.

20.     If Confidential Material or Attorneys' Eyes Only Material is disclosed to anyone other than in a manner authorized by this Order, the party responsible for such disclosure must (a) immediately bring all pertinent facts relating to such disclosure to the attention of the party that produced the

Confidential Material or Attorneys' Eyes Only Material; (2) retrieve such Confidential Material or Attorneys' Eyes Only Material, or, where the information is not retrievable, certify that it has been lost or destroyed and that no copies are within the possession, custody, or control of unauthorized recipients of the information, documents, or materials; and (3) prevent further disclosure.

21.    The inadvertent production in discovery of any privileged or otherwise protected or exempted information, as well as the inadvertent production in discovery of information without an appropriate designation of confidentiality, shall not be deemed a waiver or impairment of any claim of privilege or protection including but not limited to the attorney client privilege, the protection afforded to work product materials or the subject matter thereof, or the confidential nature of any such information, provided that the producing party shall immediately notify the receiving party in writing when inadvertent production is discovered.  Upon receiving written notice from the producing party that privileged information or work product material has been inadvertently produced, all such information, and all copies thereof, shall be returned to the producing party within 10 days of receiving such written notice. The party having returned such inadvertently produced material may thereafter seek production of any such material in accordance with the Federal Rules of Civil Procedure, provided that the party seeking discovery may not assert waiver as a basis for production based solely on the inadvertent production.

22.    This Order shall survive the final termination of this action and extend through any appeal, to the extent that the information contained in Confidential Material or Attorneys' Eyes Only Material is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder.  Within sixty (60) days after a final judgment or settlement of this action, counsel for the

1     parties (including the paralegal, clerical, secretarial, and other staff employed by

2     such counsel) shall assemble and return to each other all documents, materials,

3     and deposition transcripts designated as Confidential Material or Attorneys'

4     Eyes Only Material, and all copies of same, or, upon permission of the party the

5     other party, shall certify to the destruction thereof. However, outside counsel

6     for each party may retain for archival purposes only one (1) set of all Court

7     filings, discovery requests, discovery responses, deposition transcripts and

8     exhibits thereto, trial exhibits, trial transcripts, a copy of the record on appeal,

9     and attorney correspondence, which may contain the other party's Confidential

10    Material and Attorneys' Eyes Only Material.

11         23. The parties shall meet and confer before trial to discuss the

12    procedures for using Confidential Material or Attorneys' Eyes Only Material at

13    trial.

14         24. Good cause exists for this Court to enter this Order, because

15    disclosure of any Confidential Material or Attorneys' Eyes Only Material would

16    harm the parties financially and time-wise and result in lost business

17    opportunities. The parties' competitors would gain an unfair advantage over the

18    parties if they learn the parties' Confidential Material or Attorneys' Eyes Only

19    Material. This material should be protected because it reveals the parties'

20    current financial status, business strategy, business structure, and future

21    opportunities and efforts.

22    / / /

23    / / /

24    / / /

25    / / /

26    / / /

27    / / /

28    / / /

25.     Good cause further exists in that this Order allows for both parties to disclose documents for the litigation of this matter without suffering from both an economic and business detriment that would result from the disclosure of Confidential Material or Attorneys' Eyes Only Material.

**SO STIPULATED:**

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated:_____   By:_____

Lynda J. Zadra-Symes
Nicholas D. Atchison
*Attorneys for Defendant*
RUN ATHLETICS INTERNATIONAL LLC

Dated:_____   By:_____

Jeffrey J. Zuber
*Attorney for Plaintiff*
ROBERT JR., INC.

**SO ORDERED.**

Dated:<u>June 02, 2009</u>

UNITED STATES DISTRICT JUDGE

-11-

1

2

**ATTACHMENT A**
**NONDISCLOSURE AGREEMENT**

3    I, _____, do solemnly

4    swear and agree that I am fully familiar with the terms of the Protective Order

5    entered in *Robert Jr., Inc v. Run Athletics International LLC,* Civil Action No.

6    CV09-CV-01180 R(JCx), in the United States District Court, Central District of

7    California, Western Division, a copy of which has been provided to me, and

8    hereby agree to comply with and be bound by the terms and conditions of the

9    Order unless and until modified by further Order of this Court.  Further, to the

10   extent I receive Confidential Material or Attorneys' Eyes Only Material in

11   connection with this litigation, including the information contained therein, I

12   agree that I will hold that material and information in confidence in accordance

13   with the terms of the Order.  I agree to only use Confidential Material or

14   Attorneys' Eyes Only Material for the purpose of the prosecution or defense of

15   this action, and for no other purpose.  I understand that I am to retain all copies

16   of the materials that I receive that have been designated as Confidential Material

17   or Attorneys' Eyes Only Material in a container, cabinet, drawer, room, or other

18   safe place in a manner consistent with the Order, and that all copies are to

19   remain in my custody until I have completed my assigned or legal duties.  I will

20   return all confidential documents and things that come into my possession, or

21   that I have prepared relating to such documents and things, to counsel for the

22   party by whom I am employed or retained.  I acknowledge that such return or

23   the subsequent destruction of such materials shall not relieve me from any of the

24   continuing obligations imposed on me by the Order.  I hereby consent to the

25   jurisdiction of this Court for purposes of enforcing this Order.

26

27   Dated: _____    Signed: _____

28

-12-